**Noe Hilario GUTIERREZ–AURIOLES; Alma Rosa Gonzales De Gutierrez, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–70789.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Nathan M. Zaslow, Esq., Law Office of Nathan M. Zaslow, San Francisco, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Noe Hilario Gutierrez–Aurioles and Alma Rosa Gonzales De Gutierrez petition for review of an order of the Board of Immigration Appeals ("BIA") denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999). We dismiss in part and deny in part the petition for review.

The evidence petitioners presented with their motion to reopen regarding their son Oscar concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen

where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

The BIA considered the evidence petitioners submitted regarding their son Noe Jr. and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

